ROWE, J.,
dissenting.
The majority concludes that the hearsay testimony by the victim, Grace Andreakos, was improperly admitted as a statement of identification and that the admission of this evidence was harmful error. Given other evidence in the record identifying Appellant as the perpetrator of the crime, there is no reasonable possibility that the improperly admitted testimony contributed to the jury’s decision that Appellant committed burglary with an assault. Because any error in admitting Andreakos’ testimony was harmless, I dissent.
Andreakos testified that immediately after the burglar left her apartment, she telephoned her neighbor Michael West, who told her he had “just seen ‘Richard’ riding his bike up in the streets.” In addition to this testimony, the jury was presented with ample evidence of Appellant’s identity through statements made to the police by an eyewitness to and the victim of the crime. Deputy Thomas Daniels, Jr., one of the police officers who responded to the crime scene, testified that Tyrone Akin, an eyewitness to the crime, told him that the person involved in the crime was “Richard Jenkins.” Deputy Daniels testified that Akin was unwilling to cooperate with the investigation or to put anything in a sworn statement. In addition, Officer Nathan Edmonds testified that while he was at Andreakos’ home, he overheard a black male tell Officer Daniels that the burglar was “his cousin, Richard Jenkins ... but he wasn’t going to write nothing.” Moreover, Deputy Daniels testified that Andreakos was shown a photo lineup and she kept tapping on Appellant’s picture saying “this looks like him, this looks like him, but it’s not quite right.”
Appellant did not object to any of the above testimony from the police officers. This properly admitted testimony provided evidence of Appellant’s identity from the victim and an eyewitness to the crime. The improperly admitted testimony, on the other hand, concerned the victim’s neighbor’s observation of a person named “Richard” riding a bicycle on the street near the apartment complex. West was not an eyewitness to the crime, and at trial, West testified that when Andreakos called him the morning of the burglary he told her that he had seen Richard around 9:00 p.m., *558 approximately 8 hours before the burglary occurred. In light of the other evidence of Appellant’s identity in the record, I conclude that the trial court’s admission of Andreakos’ hearsay testimony was harmless error. Appellant’s judgment and sentence should be affirmed.